**SOUTHERN DISTRICT OF NEW YORK**

---

TITUS WILDER,

                *Plaintiff,*

-vs-

CREDIT ONE BANK, N.A.
EQUIFAX INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC.,
And TRANS UNION, LLC,

                *Defendants.*

---

Civil Action No.: 1:25-cv-06264

**STIPULATED PROTECTIVE ORDER**

Plaintiff Titus Wilder and Defendant Credit One Bank, N.A. ("Defendant" or "Credit One"), collectively the "Parties, through their respective attorneys of record, agree and stipulate as follows:

1.    **Terms**:  The terms defined in this Paragraph shall have the meanings provided. Defined terms may be used in the singular or plural.

        1.1    "**Producing Party**" means the party, or person other than a party, being asked to produce documents or information considered by that party or person to be Confidential Information, or a party asserting a confidentiality interest in information produced by others.

        1.2    "**Receiving Party**" means that party receiving or requesting production of Confidential Information.

        1.3    "**Confidential Information**" means information, whether or not embodied in any physical medium, including all originals and copies of any document and/or information, used by the Producing Party in or pertaining to its business, or information pertaining to third-party privacy interests, which information the Producing Party believes in good faith to be protected from

disclosure under applicable law as (i) private information, (ii) trade secrets, (iii) non-public competitive financial or business planning information that the Producing Party is prohibited by law or contract from revealing to third parties except in confidence, or has undertaken by contract with others to maintain its confidence.  Nothing herein is intended to confer confidential or protected status on information that is not otherwise protected under Nevada or federal law or which has been publicly disseminated.

1.4    "**Litigation Documents**" means all pleadings, motions, affidavits, declarations, and related papers, all documents produced or exchanged in the course of this litigation or any settlement negotiations, all written discovery responses and all transcripts and testimony given at any proceedings or hearings of any kind.

1.5    "**Action**" specifically refers to the litigation proceedings or settlement in the above-captioned action.

1.6    "**Termination**" means the settlement of this Action, dismissal of this Action, entry of final judgment and expiration of all periods to appeal or seek arbitral or judicial review of this Action.

1.7    "**Order**" refers to this Stipulated Protective Order and Confidentiality Agreement and [Proposed] Order.

2.    **Use Of Confidential Information**.

2.1    All documents and information designated in good faith by a party to the Action as Confidential Information shall be used solely for the purposes of this Action and shall not be used for any other purpose, including, without limitation, any media communications, public relations matter, business or commercial purpose, product development, intellectual property development, or in any other legal proceeding, action or matter and shall not, directly or indirectly, in whole or in part, be revealed or disclosed, or

made available for inspection or copying to persons other than "qualified persons" as defined in Paragraph 2.2, or by the Court in issuing its award. Notwithstanding the above, a party to the litigation may use their own Confidential Information as they see fit unless doing so would disclose another party's Confidential Information and that other party does not consent in writing to that use.

2.2 "**Qualified Person**" for Confidential Information means:

(a) Counsel of record in this Action and such partners, associate attorneys, paralegals, legal assistants, and stenographic or clerical employees of such counsel as have been assigned to assist counsel in the prosecution, defense or settlement of such actions;

(b) Persons designated as witnesses to the extent reasonably necessary for such persons to prepare for and to testify;

(c) Any expert or consultant, including any employees thereof, used or retained by counsel or a party as an expert or consultant, to the extent deemed necessary by counsel to aid in the prosecution, defense or settlement of this Action, provided that each such expert has read this Order in advance of disclosure and undertakes in writing to be bound by its terms. A copy of such writing shall be furnished to the producing party on reasonable request as set forth in Paragraph 2.3, except consulting experts shall not be disclosed except upon order by the Court;

(d) The Court having jurisdiction over this Action;

(e) Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

(f) Any court reporter or typist recording or transcribing testimony

in this Action and any outside independent reproduction firm;

(g)    Any person who was the author, recipient or copy recipient of a document;

(h)    Any person whom the parties have agreed to use as a mediator in this Action;

(i)    Parties to this action;

(j)    Law enforcement official requesting such documents or information pursuant to official investigation in this Action; and

(k)    Investigators retained to assist in this Action.

In the event that any of the foregoing persons ceases to be engaged in the participation in this Action, access by such person(s) to material designated as Confidential Information shall be terminated.  Any such material in the possession of any such person(s) shall be returned or destroyed.  The provisions of this Order shall remain in full force and effect as to all such person(s) as to all such material and the obligations not to disclose any portions of such material, except as may be specifically ordered by the Court.

2.3    No person receiving material or a transcript designated as Confidential Information shall disclose it or its contents to any person other than those described in Paragraph 2.2.  No such disclosure shall be made for any purposes other than those specified in Paragraph 2.1.  Counsel shall be responsible for obtaining prior written agreement to be bound to the terms of this Order from all persons not specified in Paragraph 2.2, to whom any material or transcript so designated is disclosed.  Such written agreement shall be obtained by securing the signature of any recipient of such discovery material or transcript on a copy of Attachment "A" to this Order after having such recipient read it and having explained its contents to such recipient.  Counsel shall be responsible for maintaining a list of all persons to whom any material or transcript so designated is disclosed.  In the event that a

person to whom counsel seeks to disclose Confidential Information refuses to agree to be bound by this Stipulated Protective Order, counsel shall notify counsel for the Producing Party and attempt to informally resolve the issue. Should counsel fail to reach an informal resolution, then the party seeking disclosure of the Confidential Information may seek relief from the Court.

3. **<u>Designation of Confidential Information</u>**.

3.1 **Documents**.  Any Producing Party may, in good faith and with reasonable diligence, designate Confidential Information contained in a document or thing specifically by marking the document or thing as "CONFIDENTIAL." Each Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Producing Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the Producing Party to sanctions.

4. **<u>Mistake or Inadvertence</u>**.

4.1 Notwithstanding the procedure set forth in Paragraph 3, above, documents or other discovery materials produced and not designated as CONFIDENTIAL through mistake or inadvertence may be designated as Confidential Information upon notice of such mistake or inadvertence, with

the Receiving Party reserving the right to assert, depending on the circumstances, that such later designation is improper.

4.2    If a Producing Party inadvertently produces information that it later discovers, or in good faith later asserts, to be privileged or otherwise protected from disclosure, the production of that information will not be presumed to constitute a waiver of any applicable privileges or other protections.  In these circumstances, the Producing Party must immediately notify the Receiving Party in writing of the inadvertent production and the basis for the privilege or other protection from production, and request in writing the return or confirmed destruction of the privileged or protected information.  Within five (5) days of receiving such notification, and in compliance with the Receiving Party's ethical obligations under the law, the Receiving Party must return or confirm destruction of all such materials, including copies and/or summaries thereof.

5.    **Challenge of Designation**.  The Receiving Party shall not be obligated to challenge the propriety of the Confidential Information designation at the time made or upon a submission to the Court.  In the event a party disagrees at any stage of these proceedings with the Producing Party's designation of Confidential Information, the parties shall first try to dispose of such dispute in good faith on an informal basis.  If the Parties cannot resolve a challenge without Court intervention, the Producing Party will submit a letter to the Court within 21 days of the initial notice of challenge, or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute.   The burden of persuasion in any such challenge proceeding shall be on the Producing Party. Unless the Producing Party has waived the confidentiality designation by failing to file a letter to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court makes a final determination on the challenge.

6.    **Continuing Duties Under Order**.  The provisions of this Order shall not end at

the termination of this Action.  This Order shall remain in full force and effect and each person subject to this Order shall continue to be bound by the terms of this Order for the purposes of enforcement of the confidentiality terms of this Order.  Within 120 days after termination of this Action, upon written request from the Producing Party, all Confidential Information and all copies of same (other than Litigation Documents and attorney work product containing references to such information) shall be returned to the Producing Party or made available for pick-up at its cost, or alternatively destroyed.  All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the Producing Party not more than 45 days after receiving the written notice required under this Paragraph.

7.    **Modification Permitted**.  Nothing in this Order shall prevent a party from seeking modification of this Order.

8.    **Responsibility of Attorneys**.    The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control duplication of, access to, and distribution of copies of Confidential Documents.  Parties shall not duplicate any Confidential Document except working copies and for filing in court under seal.  All copies made of Confidential Documents shall bear the appropriate confidential designation.

9.    **No Waiver**.

9.1    Review of the Confidential Information by counsel, experts, or consultants for the litigants in the Action shall not waive the confidentiality of the documents or objections to production or from otherwise objecting to discovery that it believes to be improper.

9.2    The inadvertent, unintentional, or *in camera* disclosure of Confidential Documents and information shall not be deemed a waiver in whole or in part, of any party's claims of confidentiality.

9.3    The Parties acknowledge that a separate order will be required pertaining to the treatment and handling of Confidential Information at the final hearing and agree to stipulate to a separate order pertaining to the treatment and handling of Confidential Information at the final

hearing.

10.    Nothing contained in this Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged confidentiality, relevancy, admissibility, or discoverability of the Confidential Documents and information sought.

11.    The terms of this Order shall survive and remain in effect after the termination of this Action.


Dated: December 31, 2025                    Respectfully submitted,

                                            */s/* Cindy D. Salvo
                                            CINDY D. SALVO

                                            THE SALVO LAW FIRM, PC
                                            185 Fairfield Avenue, Suite 3C/3D
                                            West Caldwell, NJ 07006
                                            Telephone: (973) 226-2220
                                            Email: csalvo@salvolawfirm.com

                                            *Attorneys for Defendant,*
                                            *Credit One Bank, N.A.*


Dated: December 31, 2025                    Respectfully submitted,

This stipulation binds the parties to treat as confidential the documents so classified. This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential. That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents." *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order. *See New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

**SO ORDERED**:

/s/ Kevin Mallon
KEVIN MALLON

MALLON CONSUMER LAW GROUP, PLLC
238 Merritt Drive
Oradell, NJ 07649
Telephone: (646) 713-1008
Email: kmallon@consumerprotectionfirm.com

*Attorneys for Plaintiff,*
*Titus Wilder*


Dated: January  5  , 2026

_____
Hon. Jesse M. Furman

- 8 -

**ATTACHMENT A**

AGREEMENT TO MAINTAIN CONFIDENTIALITY

I, _____ [Name – Print or Type], have been given and read a copy of the Stipulated Protective Order, dated _____, in the matter of *Titus Wilder v. Credit One Bank, N.A., in the Southern District of New York.*

I understand and will strictly adhere to the contents of said Order.  I understand that produced material disclosed to me is subject to the Stipulated Protective Order and that I am prohibited from copying, disclosing or otherwise using such material except as provided by said Order.  I understand that unauthorized disclosure of the stamped confidential documents may constitute contempt of court and agree to be subject to personal jurisdiction of the Court in this matter for the purpose of enforcing my obligations under this Agreement, the Order, and any contempt proceeding that may be instituted for alleged violation thereto.  I understand also that my execution of this Agreement to Maintain Confidentiality, indicating my agreement to be bound by said Order, is a prerequisite to my review of any produced document and materials.

_____
[Name]