UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TITUS WILDER,<br><br>              *Plaintiff,*<br><br>-vs-<br><br>CREDIT ONE BANK, N.A.<br>EQUIFAX INFORMATION SERVICES, LLC,<br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br>And TRANS UNION, LLC,<br><br>              *Defendants.* | Civil Action No.: 1:25-cv-06264 |

**DECLARATION OF CINDY D. SALVO, ESQ. IN
SUPPORT OF DEFENDANT CREDIT ONE BANK, N.A.'S
<u>MOTION FOR LEAVE TO FILE A THIRD-PARTY COMPLAINT</u>**

I, Cindy D Salvo, declare under penalty of perjury that the following is true and correct to the best of my knowledge.

1. I am an attorney licensed to practice law in the State of New York. I am the founding partner of The Salvo Law Firm, P.C., counsel for Defendant Credit One Bank, N.A.

2. I submit this Declaration in support of Credit One's Motion for Leave to File a Third-Party Complaint.

3. Attached hereto as **Exhibit A** is a true and correct copy of the proposed Third-Party Complaint.

4. Plaintiff's counsel, Kevin Mallon, informed me, when we were talking about the case, that the person who allegedly applied for the Credit One Bank credit card, supposedly without Plaintiff's consent, was his daughter, Jami Wilder. She is the proposed Third-Party Defendant.

I swear on penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Dated: February 13, 2026

/s/ Cindy D. Salvo<br>CINDY D. SALVO

# **EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------X
TITUS WILDER,                                     : Case No.: 1:25-cv-06264
                                                  :
      Plaintiff,                                :
                                                  : **(PROPOSED) THIRD-PARTY COMPLAINT**
v.                                                :
                                                  :
CREDIT ONE BANK, N.A., EQUIFAX                    :
INFORMATION SERVICES, LLC,                        :
EXPERIAN INFORMATION                              :
SOLUTIONS, INC., and TRANS                        :
UNION, LLC,                                       :
                                                  :
      Defendants.                               :
                                                  :
--------------------------------------------      :
                                                  :
CREDIT ONE BANK, N.A.,           :                :
                                                  :
      Third-Party Plaintiff,                    :
                                                  :
v.                                                :
                                                  :
JANI WILDER,                                      :
                                                  :
      Third-Party Defendant.                    :
                                                  :
-------------------------------------------------- X

      Credit One Bank, N.A., Defendant and Third-Party Plaintiff in the above-referenced action, files this Third-Party Complaint against Third-Party Defendant Jani Wilder as follows:

**NATURE OF THE ACTION**

      1.    This is a third-party action for indemnification, contribution, fraud, unjust enrichment, negligent misrepresentation and attorneys' fees arising from Third-Party Defendant's opening and use of a credit card account in the name of Plaintiff Titus Wilder, purportedly without his authorization.

2. To the extent Credit One is found liable to Plaintiff for damages arising from the account, such liability would be purely derivative of Third-Party Defendant's intentional misconduct.

## PARTIES

3. Third-Party Plaintiff Credit One Bank is a National Association organized under federal law with its principal place of business in Las Vegas, Nevada.

4. Upon information and belief, Third-Party Defendant Jani Wilder is Plaintiff's daughter and resides in the State of New Jersey.

## JURISDICTION AND VENUE

5. This Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. §1367 because they form part of the same case or controversy as the underlying action.

6. Venue is proper in this District because the events giving rise to the claims are intertwined with those alleged in the main action pending before this Court.

## FACTUAL ALLEGATIONS

7. Plaintiff alleges that Credit One violated the Fair Credit Reporting Act by reporting a credit card debt purportedly resulting from identity theft.

8. At all relevant times, Plaintiff claims he was incarcerated.

9. Upon information and belief, Third-Party Defendant Jani Wilder knowingly and intentionally applied for and obtained a credit card using Plaintiff's personal identifying information.

10. Third-Party Defendant used Plaintiff's identifying information to create the false appearance that the application was legitimate and authorized.

11. Credit One issued a credit card to Plaintiff Titus Wilder based upon materially false representations made by Third-Party Defendant in the application.

12. Third-Party Defendant received the credit card, activated it, made purchases for her personal benefit, and failed to make the required payments.

13. In issuing the credit card, Credit One reasonably relied upon the accuracy of the information submitted in connection with the account.

15. Credit One at all times acted in good faith and in accordance with applicable law.

16. Any damages alleged by Plaintiff were proximately caused by the wrongful and unauthorized conduct of the Third-Party Defendant.

17. If Credit One is held liable to Plaintiff, such liability would arise solely because of Third-Party Defendant's misconduct rather than any independent wrongdoing by Credit One.

## FIRST CAUSE OF ACTION
### (Indemnification)

18. Credit One repeats and realleges the preceding paragraphs as if set forth at length herein.

19. Upon information and belief, Third-Party Defendant Jani Wilder knowingly, intentionally, and wrongfully used Plaintiff's personal identifying information to apply for, obtain, activate, and use a Credit One credit card account.

20. Upon information and belief, Third-Party Defendant's conduct was fraudulent, intentional, and constituted the primary and direct cause of the damages alleged by Plaintiff in the underlying action.

21. Credit One did not direct, participate in, or have knowledge of Third-Party Defendant's misconduct and, at all relevant times, acted in good faith and in accordance with applicable law and industry standards.

22. To the extent Credit One is found liable to Plaintiff for any damages, statutory penalties, costs, or other relief, such liability would be purely vicarious, derivative, or imposed by operation of law as a result of Third-Party Defendant's wrongful conduct.

23. Under principles of common-law indemnification, equity, and fairness, a party whose liability is purely derivative or vicarious is entitled to full indemnification from the party whose active wrongdoing caused the alleged harm.

24. Allowing Third-Party Defendant to escape responsibility while imposing liability upon Credit One for damages caused by Jani Wilder's fraudulent conduct would be unjust and inequitable.

25. Accordingly, Credit One is entitled to full indemnification from Third-Party Defendant for any judgment, settlement, statutory damages, attorneys' fees, costs, expenses, or other amounts Credit One may be required to pay or incur as a result of Plaintiff's claims in the underlying action.

## SECOND CAUSE OF ACTION
### (Contribution)

22. Credit One repeats and realleges the preceding paragraphs as if set forth at length herein.

23. Upon information and belief, Third-Party Defendant knowingly and wrongfully used Plaintiff's personal identifying information to apply for, obtain, activate, and use a Credit One credit card, thereby creating the very circumstances that gave rise to Plaintiff's claims in the underlying action.

24. Any alleged damages claimed by Plaintiff—including alleged credit harm, emotional distress, statutory damages, or litigation-related expenses—were caused in whole or in

substantial part by Third-Party Defendant's misconduct, including her fraudulent application, use of the account, failure to make payments, and concealment of her actions.

25. To the extent Credit One is determined to bear any portion of responsibility to Plaintiff under the Fair Credit Reporting Act or otherwise, such responsibility would be secondary, passive, or statutory in nature, while Third-Party Defendant's conduct was, upon information and belief, active, intentional, and the primary cause of the alleged injury.

26. Accordingly, if Credit One and Third-Party Defendant are deemed jointly liable, or if Credit One is held liable for damages attributable in whole or in part to Third-Party Defendant's conduct, Credit One is entitled to contribution from Third-Party Defendant in proportion to her degree of fault, to the fullest extent permitted by law.

27. Credit One therefore seeks contribution from Third-Party Defendant for all sums Credit One may be required to pay to Plaintiff, including but not limited to damages, statutory penalties, costs, attorneys' fees, and expenses incurred in defending and resolving the underlying action.

## **THIRD CAUSE OF ACTION**
**(Fraud)**

24. Credit One repeats and realleges the preceding paragraphs as if set forth at length herein.

25. Upon information and belief, Third-Party Defendant knowingly made false representations by submitting a credit application in Plaintiff's name.

26. Upon information and belief, these misrepresentations were material.

27. Upon information and belief, Third-Party Defendant knew these representations were false when made and were made with the intent that the issuing bank rely upon them.

28. Credit One reasonably and justifiably relied upon those misrepresentations in issuing, servicing, reporting, and attempting to collect on the account.

29. Upon information and belief, Third-Party Defendant's false representations led to Plaintiff filing this action against Credit One.

29. As a direct and proximate result, Credit One has suffered significant damages, including litigation expenses, attorneys' fees, administrative costs, and potential statutory liability.

## **FOURTH CAUSE OF ACTION**
**(Unjust Enrichment)**

30. Credit One repeats and realleges the preceding paragraphs as if set forth at length herein.

31. Upon information and belief, Third-Party Defendant obtained goods and services through her unauthorized use of Plaintiff's Credit One account.

32. Upon information and belief, Third-Party Defendant did not pay for the goods and services she received.

33. Upon information and belief, Third-Party Defendant was enriched at the expense of Credit One.

34. It would be against equity and good conscience to permit Third-Party Defendant to retain those benefits.

## **FIFTH CAUSE OF ACTION**
**(Negligent Misrepresentation)**

35. Credit One repeats and realleges the preceding paragraphs as if set forth at length herein.

36. Upon information and belief, Jani Wilder misrepresented to Credit One that she was Plaintiff when she applied for a Credit One credit card account.

37. Upon information and belief, Jani Wilder's representation was a misstatement of fact.

38. Upon information and belief, Third-Party Defendant owed a duty to Credit One to not make misrepresentations to Credit One and not use the identity of another for the purposes of obtaining a credit card from Credit One.

39. Upon information and belief, Third-Party Defendant breached such duty by using Plaintiff's personal information to fraudulently obtain a credit card account from Credit One, maxing out such credit card, and failing to pay off the debt incurred to Credit One.

40. Credit One actually and justifiably relied on Jani Wilder's misrepresentations when Credit One opened a credit card account for Plaintiff and mailed it to him at the address provided by Jani Wilder as Plaintiff's address.

41. Accordingly, Credit One has been damaged and seeks damages from Jani Wilder resulting from this action.

## **SIXTH CAUSE OF ACTION**
**(Attorneys' Fees)**

42. Credit One repeats and realleges the preceding paragraphs as if set forth at length herein.

43. Pursuant to the Credit One Cardholder Agreement and applicable law, Credit One seeks and is entitled to recover its reasonable attorneys' fees and costs incurred in connection with this lawsuit.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant/Third-Party Plaintiff Credit One Bank, N.A. respectfully requests judgment against Third-Party Defendant Jani Wilder:

a. For full indemnification for any judgment or settlement in the underlying action;

b. For contribution to the extent permitted by law;

c. For compensatory damages;

d. For attorneys' fees and costs; and

e. For such other relief as the Court deems just and proper.

## **JURY DEMAND**

Third-Party Plaintiff demands a trial by jury on all issues so triable.

THE SALVO LAW FIRM, P.C.

By: /s/ Cindy D. Salvo
     Cindy D. Salvo, Esq.

185 Fairfield Avenue, Suite 3C/3D
West Caldwell, New Jersey 07006
T: 973-226-2220
F: 973-900-8800
csalvo@salvolawfirm.com

Attorneys for Defendant/Third-Party Plaintiff, Credit One Bank, N.A.