UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TITUS WILDER,<br><br>*Plaintiff,*<br><br>-vs-<br><br>CREDIT ONE BANK, N.A.<br>EQUIFAX INFORMATION SERVICES, LLC,<br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br>and TRANS UNION, LLC,<br><br>*Defendants.* | Civil Action No.: 1:25-cv-06264<br><br>**DECLARATION OF KIM MARAGOS IN SUPPORT OF DEFENDANT CREDIT ONE BANK'S MOTION TO FILE A <u>THIRD-PARTY COMPLAINT</u>** |

I, Kim Maragos, declare as follows:

1. I am a Vice President of Customer Service-Fraud at Credit One Bank, N.A. ("Credit One"), where I have been employed for more than 20 years. I am over the age of 18 and authorized to make this Declaration on behalf of Credit One. I am competent to testify as to my knowledge of the facts in this Declaration.

2. Upon information and belief, at the time that Jani Wilder applied online for a credit card, she was provided with the Web Application Terms and Conditions and certified that "I am 18 years of age or older and that **<u>the information on this credit card application is accurate</u>** and given in order to obtain credit." (emphasis added).

3. Credit One issued a credit card to Plaintiff (the "Account") and mailed it to the address on the credit card application that had been provided as Plaintiff's address.

4. Upon information and belief, the Account was activated from a telephone number that was associated with Plaintiff.

5. Upon information and belief, the Account was then used by Jani Wilder to obtain goods and services in the amount of no less than $501.95.

6. Credit One subsequently sent account statements to Plaintiff's address seeking payment for the goods and services.

7. Credit One even received a debit card payment purportedly from Plaintiff in October 2023. But Credit One did not receive any more payments thereafter, and the unpaid balance and delinquencies were properly reported to the credit reporting agencies by Credit One.

8. Plaintiff reached out to Credit One to complain that he had not applied for the Account and that he was the victim of identity theft. Credit One subsequently investigated his claim that he did not open the Account but reasonably concluded that the account was not the result of fraud or identity theft due to the strong links between Plaintiff and the Account, indicating that it was opened or authorized to be opened by him.

9. Plaintiff did not reveal at the time that the person who had applied for the Account was his daughter.

10. Credit One notified Plaintiff that to reopen the claim, he could complete and return an Affidavit of Fraud and Forgery and return it with an identity theft report filed with local law enforcement, which would have identified the identity of any person he believed may be responsible. Credit One did not receive any such affidavit or police report from Plaintiff, nor did Plaintiff otherwise notify Credit One whether he had knowledge of who may be responsible. However, Plaintiff has since confirmed his belief that the account was opened by his daughter, Jani Wilder, who was listed as an authorized user on the Account.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: February 10, 2026

_____
KIM MARAGOS