# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

TITUS WILDER,

                    *Plaintiff,*

-vs-

CREDIT ONE BANK, N.A.
EQUIFAX INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION SOLUTIONS, INC.,
And TRANS UNION, LLC,

                    *Defendants.*

Civil Action No.: 1:25-cv-06264

---

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CREDIT ONE BANK, N.A.'S MOTION FOR LEAVE TO FILE A THIRD-PARTY COMPLAINT

---

THE SALVO LAW FIRM, P.C.

185 Fairfield Avenue, Suite 3C/3D
West Caldwell, New Jersey 07006
(973) 226-2220
(973) 900-8800 (fax)

Attorneys for Defendant,
Credit One Bank, N.A.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES…………………………………………...…………………iii

PRELIMINARY STATEMENT…………………………………………………………..1

STATEMENT OF FACTS..................…………………………….............................2

LEGAL ARGUMENT......................................................................................3

    I.     THE PROPOSED THIRD-PARTY CLAIMS ARE PROPER
          UNDER RULE 14(a)...................................................................3

        A.    All Factors Favor Granting Leave To Implead Jani Wilder………4

             i.     Defendant Did Not Delay in Seeking Leave………………5

             ii.    Impleader Will Not Unduly Delay or Complicate
                  the Action………………………………………………5

             iii.   Impleader Will Not Prejudice Plaintiff……………………6

             iv.   The Proposed Third-Party Complaint States
                  Valid Claims……………………………………………6

CONCLUSION……………………………………...........................................7

## <u>TABLE OF AUTHORITIES</u>

### <u>CASES</u>

<u>Dery v. Wyer</u>,
265 F.2d 804 (2d Cir. 1959)………………………………………………………………4

<u>Kenneth Leventhal & Co. v. Joyner Wholesale Co.</u>,
736 F.2d 29 (2d Cir. 1984)………………………….....................................................4

<u>McLaughlin v. Biasucci</u>,
688 F. Supp. 965 (S.D.N.Y. 1988)………………………………………………………..4

<u>Olshan Frome Wolosky, LLP v. Comm. to Restore Nymox S'holder Value, Inc.</u>,
2025 U.S. Dist. LEXIS 52885 (S.D.N.Y. Mar. 21, 2025)………………………………..4

<u>Shafarman v. Ryder Truck Rental, Inc.</u>,
100 F.R.D. 454 (S.D.N.Y. 1984)…………………………………....................................4

<u>Too, Inc. v. Kohl's Dep't Stores, Inc.</u>,
213 F.R.D. 138 (S.D.N.Y. 2003)……… …………………………………………..…4-5,6

**<u>RULES AND STATUTES</u>**

Fair Credit Reporting Act ("FCRA")…………………………………………1,2,5

Federal Rule of Civil Procedure 14(a)…………………………………………..1,3

Defendant Credit One Bank, N.A. ("Defendant" or "Credit One") respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 14(a)(1), for leave to file a Third-Party Complaint.

## PRELIMINARY STATEMENT

This action arises from Plaintiff's allegation that a credit card issued by Credit One was opened and used without his knowledge or consent while he was incarcerated, and that Credit One violated the Fair Credit Reporting Act ("FCRA") by allegedly failing to conduct a reasonable investigation after Plaintiff disputed the account as identity theft. Credit One denies these allegations and asserts that it acted reasonably, in good faith, and in compliance with its statutory obligations at all relevant times.

Plaintiff's claims rest entirely on the premise that the account was the product of identity theft, presumably by an unknown third party. As Plaintiff has since admitted, however, the account at issue was not opened by an unknown identity thief, but rather by Plaintiff's own daughter, Jani Wilder, who knowingly applied for the credit card in Plaintiff's name, and listed herself as an Authorized User. She included on the application accurate identifying information historically associated with Plaintiff, activated the card on a telephone number associated with Plaintiff, incurred charges for her own benefit, and then refused to make payment.

As a result, Credit One now seeks leave to implead Jani Wilder pursuant to Federal Rule of Civil Procedure 14(a) because she is the party who is, or may be, liable to Credit One for all or part of Plaintiff's claims. If Credit One were to be found liable to Plaintiff, notwithstanding its reasonable investigation and good-faith compliance with the FCRA, such liability would be purely derivative of, and secondary to, the fraudulent and unauthorized conduct of Jani Wilder. Allowing the proposed Third-Party Complaint will promote judicial economy, avoid inconsistent

determinations, and ensure that responsibility—if any—is allocated to the party whose conduct actually gave rise to the claim.

## **STATEMENT OF FACTS**

Plaintiff commenced this action alleging violations of the FCRA, claiming that Defendant improperly reported and attempted to collect a credit card debt that Plaintiff asserts resulted from identity theft. See Complaint.

Plaintiff's counsel, Kevin Mallon, informed defense counsel that the person who allegedly applied for the Credit One Bank credit card, supposedly without Plaintiff's consent, was his daughter, Jami Wilder. She is the proposed Third-Party Defendant. See Declaration of Cindy D. Salvo, Esq. ("Salvo Decl."), ¶4.

Plaintiff alleges that he was in prison at the time this card was applied for. See Complaint.

Upon information and belief, at the time that Jani Wilder applied online for a credit card, she was provided with the Web Application Terms and Conditions and certified that "I am 18 years of age or older and that **the information on this credit card application is accurate** and given in order to obtain credit." (emphasis added). See Declaration of Kim Maragos ("Maragos Decl."), ¶2.

Credit One issued a credit card to Plaintiff (the "Account") and mailed it to the address on the credit card application that had been provided as Plaintiff's address. Id., ¶3.

Upon information and belief, the Account was activated from a telephone number that was associated with Plaintiff. Id, ¶4.

Upon information and belief, the Account was then used by Jani Wilder to obtain goods and services in the amount of no less than $501.95. Id., ¶5.

Credit One subsequently sent account statements to Plaintiff's address seeking payment for the goods and services. Id., ¶6.

Credit One even received a debit card payment purportedly from Plaintiff in October 2023.

Id., ¶7. But Credit One did not receive any more payments thereafter, and the unpaid balance and

delinquencies were properly reported to the credit reporting agencies by Credit One. Id.

Plaintiff reached out to Credit One to complain that he had not applied for the Account and

that he was the victim of identity theft.  Credit One subsequently investigated his claim that he did

not open the Account but reasonably concluded that the account was not the result of fraud or

identity theft due to the strong links between Plaintiff and the Account, indicating that it was

opened or authorized to be opened by him. Id., ¶8.

Plaintiff did not reveal at the time that the person who had applied for the Account was his

daughter. Id., ¶9.

Credit One notified Plaintiff that to reopen the claim, he could complete and return an

Affidavit of Fraud and Forgery and return it with an identity theft report filed with local law

enforcement, which would have identified the identity of any person he believed may be

responsible. Credit One did not receive any such affidavit or police report from Plaintiff, nor did

Plaintiff otherwise notify Credit One whether he had knowledge of who may be responsible.

However, Plaintiff has since confirmed his belief that the account was opened by his daughter, Jani

Wilder, who was listed as an authorized user on the Account. Id., ¶10.

A copy of the proposed Third-Party Complaint is attached as Exhibit A to the Salvo Decl.

## **LEGAL ARGUMENT**

## **I.**

## **THE PROPOSED THIRD-PARTY CLAIMS ARE PROPER UNDER RULE 14(a)**

Federal Rule of Civil Procedure 14(a) provides that "[a] defending party may, as third-party

plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part

of the claim against it." If more than 14 days have elapsed since defendant served its original Answer, the third-party Plaintiff must file a motion to obtain the Court's leave. "Whether to permit the defendant to implead a third party rests in the trial court's discretion." <u>Kenneth Leventhal & Co. v. Joyner Wholesale Co.</u>, 736 F.2d 29, 31 (2d Cir. 1984). "The purpose of this rule is to promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim." <u>McLaughlin v. Biasucci</u>, 688 F. Supp. 965, 967 (S.D.N.Y. 1988). "Timely motions for leave to implead non-parties should be freely granted to promote this efficiency." <u>Shafarman v. Ryder Truck Rental, Inc.</u>, 100 F.R.D. 454, 459 (S.D.N.Y. 1984).

"The general purpose of the rule [is] to avoid two actions which should be tried together to save the time and cost of a reduplication of evidence, to obtain consistent results from identical or similar evidence, and to do away with the serious handicap to a defendant of a time difference between a judgment against him and a judgment [in] his favor against the thirdparty defendant." <u>Dery v. Wyer</u>, 265 F.2d 804, 806-07 (2d Cir. 1959). "Impleading a thirdparty is appropriate where the third-party defendant's liability to the third-party plaintiff is dependent upon the outcome of the main claim or the third-party defendant is potentially secondarily liable as a contributor to the defendant." <u>Olshan Frome Wolosky, LLP v. Comm. to Restore Nymox S'holder Value, Inc.</u>, 2025 U.S. Dist. LEXIS 52885, *20 (S.D.N.Y. Mar. 21, 2025).

**A. <u>All Factors Favor Granting Leave To Implead Jani Wilder</u>**

In deciding whether to grant leave to file a third-party complaint, courts consider: "(i) whether the movant deliberately delayed or was derelict in filing the motion; (ii) whether impleading would unduly delay or complicate the trial; (iii) whether impleading would prejudice the third-party defendant; and (iv) whether the proposed third-party complaint states a claim upon

which relief can be granted." <u>Too, Inc. v. Kohl's Dep't Stores, Inc.</u>, 213 F.R.D. 138, 140 (S.D.N.Y. 2003).

Each of these factors weighs decisively in favor of granting Credit One leave to implead Plaintiff's daughter, Jani Wilder. The proposed Third-Party Complaint asserts claims for indemnification, contribution, fraud, unjust enrichment, negligent misrepresentation and attorneys' fees. These claims all arise out of the same nucleus of operative facts underlying Plaintiff's FCRA claims.

If, in the unlikely event Credit One is found liable to Plaintiff, such liability would necessarily arise from Jani Wilder's fraudulent conduct, rendering her liable to Credit One.

### i.    <u>Defendant Did Not Delay in Seeking Leave</u>

Credit One filed its Answer on October 13, 2025. Thereafter, in discussions with Plaintiff's counsel, Kevin Mallon, counsel for Credit One was informed—upon direct inquiry—that Plaintiff's daughter, Jani Wilder, had submitted the credit card application in Plaintiff's name without Plaintiff's knowledge or consent while Plaintiff was incarcerated.

Upon receiving this information, Credit One promptly determined that impleader was necessary to protect its rights. Credit One has not acted dilatorily, nor has it been derelict in seeking leave. Rather, it has moved in a reasonable and timely manner once the basis for third-party liability was confirmed.

### ii.    <u>Impleader Will Not Unduly Delay or Complicate the Action</u>

This case remains in its early stages. No trial date has been set. While the parties have exchanged initial discovery, no depositions have been taken. Impleading Jani Wilder at this juncture will not unduly delay the proceedings or complicate trial; instead, it will promote judicial

economy by ensuring that all claims arising from the same transaction are resolved in a single action.

Courts routinely permit impleader under similar circumstances, particularly where, as here, the third-party claims are factually intertwined with the primary claims and turn on the same underlying conduct.

### iii. <u>Impleader Will Not Prejudice Plaintiff</u>

Allowing the Third-Party Complaint to be filed will not prejudice Plaintiff's ability to prosecute his claims. As the court explained in <u>Too, Inc.</u>, <u>supra</u>, there is no undue prejudice where "a trial date has not yet been set, and any additional discovery could still likely be completed in advance of any trial date set by the Court." <u>Id</u>. at 142.

Here, Plaintiff will continue to pursue the same claims, based on the same facts, against the same Defendant. The addition of Jani Wilder merely ensures that responsibility is properly allocated among the parties whose conduct is actually at issue.

### iv. <u>The Proposed Third-Party Complaint States Valid Claims</u>

There can be no serious dispute that the proposed Third-Party Complaint states valid claims for relief. Plaintiff has acknowledged that his daughter applied for the Account in his name, which he claims was without his knowledge or consent. If Plaintiff suffered damages as a result of that Account, those damages were caused by Jani Wilder's fraudulent misconduct—not by any independent wrongdoing by Credit One.

In fact, Jani Wilder's conduct has caused direct harm to Credit One, including exposure to liability, litigation costs, and reputational damage. The claims against her therefore fall squarely within the scope of Rule 14 and are properly asserted in this action.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant respectfully requests that the Court grant leave to file the proposed Third-Party Complaint against Jani Wilder.

Dated: February 13, 2026

THE SALVO LAW FIRM, P.C.

By: <u>/s/ Cindy D. Salvo</u>
     Cindy D. Salvo, Esq.

185 Fairfield Avenue, Suite 3C/3D
West Caldwell, New Jersey 07006
T: 973-226-2220
F: 973-900-8800
<u>csalvo@salvolawfirm.com</u>

Attorneys for Defendant,
Credit One Bank, N.A.