UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                   :

TITUS WILDER,                      :

                       :

             Plaintiff,         :

                       :         25-CV-6264 (JMF)

      -v-                 :

                       :       MEMORANDUM OPINION

CREDIT ONE BANK, N.A., et al.,    :          AND ORDER

                       :

           Defendants.     :

                       :
-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

Defendant Credit One Bank, N.A. ("Credit One") moves, pursuant to Rule 14(a) of the Federal Rules of Civil Procedure, for leave to file a Third-Party Complaint.  ECF No. 56.  In determining whether to grant leave to implead, a court should consider the following factors: "(i) whether the movant deliberately delayed or was derelict in filing the motion; (ii) whether impleading would unduly delay or complicate the trial; (iii) whether impleading would prejudice the third-party defendant; and (iv) whether the third-party complaint states a claim upon which relief can be granted."  *Too, Inc. v. Kohl's Dep't Stores, Inc.*, 213 F.R.D. 138, 140 (S.D.N.Y. 2003); *Henry v. 32-42 Broadway Owner LLC*, No. 23-CV-2252 (GHW), 2023 WL 8458153, at *1 (S.D.N.Y. Nov. 7, 2023).  Ultimately, "[t]he decision whether to permit a defendant to implead a third-party defendant rests in the trial court's discretion."  *Kenneth Leventhal & Co. v. Joyner Wholesale Co.*, 736 F.2d 29, 31 (2d Cir. 1984).

Upon consideration of the relevant factors here, the Court exercises its discretion to deny Credit One's motion.  The parties spill much ink addressing whether a defendant sued for violations of the Fair Credit Reporting Act ("FCRA") may ever implead an alleged identity thief.  *Compare* ECF No. 60, at 1-12, *with* ECF No. 69, at 4-5.  The Court need not and does not decide

that question, however, because, in the circumstances presented here, it concludes that granting leave would unduly delay and expand the scope of the litigation. The fact discovery deadline — which has already been extended once, *see* ECF No. 67 — is rapidly approaching, and impleading the alleged identity thief would inject a host of issues — including but not limited to the nature and extent of the fraud, who opened the account, and the alleged identity thief's financial circumstances and state of mind — that are collateral to whether Credit One satisfied its statutory obligations under the FCRA. *See, e.g.*, *Int'l Med. Tech., Inc. v. Lintech, LLC*, 203 F.R.D. 90, 92 (S.D.N.Y. 2001) (denying motion to file Third-Party Complaint where "[t]he discovery deadline has already been extended and is again fast approaching"); *Guttman v. Sands*, No. 88-CV-5439 (JSM), 1990 WL 213082, at *4 (S.D.N.Y. Dec. 18, 1990) (denying a motion to file a third-party complaint in part because the "evidence required to resolve the issues in the third-party claim would be largely unrelated to" the main case)

For the foregoing reasons, Defendants' motion for leave to file a Third-Party Complaint is DENIED. The Clerk of Court is directed to terminate ECF No. 56.

SO ORDERED.

Dated: March 31, 2026
New York, New York

_____
JESSE M. FURMAN
United States District Judge

2