

April 22, 2026

**<u>VIA ECF</u>**
Honorable Jesse M. Furman, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

**Re:    Wilder v. Credit One Bank, N.A.**
<u>**No. 25-cv-06264 (JMF)**</u>

Dear Judge Furman:

We represent Defendant Credit One Bank, N.A. in the above-referenced matter. We submit this letter in response to Plaintiff's April 22, 2026 application to modify the deposition schedule and for a court order directing the Broome County Correctional Facility to produce Plaintiff for a video deposition.

Defendant does not oppose Plaintiff's request for an order directing the correctional facility to produce Plaintiff for a video deposition. Defendant continues to maintain that a video deposition—not a telephone deposition—is required given the nature of Plaintiff's claims, which include allegations of identity theft—reportedly involving Plaintiff's own family member—and related disputes that turn heavily on Plaintiff's testimony and overall credibility.

Defendant also does not oppose a brief extension of the deposition deadline for the limited purpose of completing Plaintiff's video deposition. Indeed, Defendant notes that counsel has limited availability over the next two weeks due to previously scheduled court appearances and professional commitments, and requests that the deposition be scheduled promptly thereafter; that is, on May 11, 12, 14, 20 or 21.

Defendant must, however, respectfully correct certain factual assertions in Plaintiff's letter. Plaintiff states that counsel "immediately" contacted Defendant following the Court's Order and has been working diligently since that time. That is not accurate. It is Defendant's counsel that first initiated contact regarding scheduling. Further, although counsel discussed deposition scheduling by telephone on Friday, April 17, 2026, Plaintiff's counsel did not follow up with Defendant's counsel on Monday, April 20, 2026, and did not make contact on Tuesday, April 21, 2026 until after Defendant's counsel reached out at approximately 2:00 p.m. to request a status update. Thus, this is not a situation where counsel promptly and continuously pursued all necessary arrangements but was thwarted solely by last-minute circumstances outside his control.

Defendant further responds to Plaintiff's assertion that Defendant is attempting to use Plaintiff's incarceration as a basis for dismissal rather than to complete his deposition. That

185 Fairfield Avenue, Suite 3C/3D West Caldwell, New Jersey 07006
T: 973-226-2220 • F: 973-900-8800 • www.salvolawfirm.com

assertion is incorrect. Defendant has consistently sought to take Plaintiff's deposition in a manner that permits a fair and effective examination, by video, which Plaintiff now acknowledges is feasible with a court order. Defendant declined to proceed by telephone because such a format is inadequate in a case where Plaintiff's credibility is central, and declined to travel approximately 160 miles to a correctional facility as an unreasonable and unnecessary burden. These positions are neither obstructive nor unreasonable. The record reflects that Defendant has been prepared to proceed with Plaintiff's deposition and, in fact, provided a courtesy extension beyond the Court-ordered deadline. Any delay in completing the deposition is not the result of Defendant's conduct, but rather Plaintiff's failure to timely make the arrangements necessary to comply with the Court's Order.

Defendant reserves all rights to seek appropriate relief, including sanctions, up to and including dismissal, in the event Plaintiff is not produced in compliance with any revised deadline.

Respectfully submitted,

CDS:cg

/s/ Cindy D. Salvo
CINDY D. SALVO